UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN YOST, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 585 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Kathleen Yost brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration Commissioner's decision denying her application for disability insurance benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

## Background

Plaintiff applied for disability benefits on April 20, 2012, alleging a disability onset date of September 1, 2011. (R. 129.) Her application was initially denied on June 18, 2012, and again on reconsideration on October 26, 2012. (R. 96-97.) Plaintiff requested a hearing, which was held by an Administrative Law Judge ("ALJ") on September 17, 2013. (R. 40-88.) On October 23, 2013, the ALJ issued a decision finding plaintiff not disabled. (R. 18-31.) The Appeals Council declined to review the decision (R. 1-3), leaving the ALJ's decision as the final

---

[1] On January 23, 2017, Nancy A. Berryhill succeeded Carolyn W. Colvin as Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (last visited February 28, 2017). Accordingly, the Court substitutes Berryhill for Colvin pursuant to Federal Rule of Civil Procedure 25(d).

decision of the Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the

burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged disability onset date. (R. 20.) At step two, the ALJ determined that plaintiff has the severe impairments of "degenerative disc disease/spondylosis of the lumbar spine and right knee osteoarthritis," and the non-severe impairments of "[d]epression, anxiety, and hypertension." (R. 21.) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (R. 23.) At step four, the ALJ found that plaintiff had the residual functional capacity ("RFC") "to perform light work . . . except, she is restricted to occasional stooping, crouching, kneeling, crawling, and climbing of ramps/stairs, as well as ladders, ropes, or scaffolds." (*Id.*) At step five, the ALJ found that plaintiff is not disabled because she can perform her past relevant work as a mail clerk, cashier, and waitress. (R. 30.)

Plaintiff says the ALJ's finding that her severe impairments do not meet or exceed a listing is erroneous because the ALJ did not "discuss the relevant Listing by name [or] offer more than a perfunctory analysis of [it]." (Pl.'s Mem. Supp. Mot. Summ. J. at 6) (citing *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). The Court disagrees. The ALJ specifically identified the relevant listing as "1.04 (*Disorders of the Spine*)" and thoroughly explained why the medical evidence "does not document listing-level severity." (R. 23-28.) The fact that she analyzes the medical evidence in the step four RFC discussion and incorporates that analysis by reference in the step three listings discussion (*see id.*) does not constitute error. *See Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004) (stating that "it is proper to read the ALJ's

decision as a whole" and "would be a needless formality to have the ALJ repeat substantially similar factual analyses" at more than one step of the decision).

Plaintiff also argues that the ALJ "fails to offer any meaningful analysis" to support the finding that plaintiff's mental impairments are not severe. (Pl.'s Mem. Supp. Mot. Summ. J. at 7.) A mental impairment is severe if it causes episodes of decompensation and imposes more than mild limitations on the claimant's activities of daily living; social functioning; and concentration, persistence, or pace. 20 C.F.R. § 404.1520a(c), (d)(1); *see* 20 C.F.R. § 404, subpt. P, app. 1, § 12.00(C) (stating that "[a]ctivities of daily living include . . . cleaning, shopping, cooking, taking public transportation, paying bills, maintaining a residence, [and] caring appropriately for . . . grooming and hygiene"; "[s]ocial functioning" refers to the "capacity to interact independently, appropriately, effectively, and on a sustained basis with other individuals," such as "family members, friends, neighbors, grocery clerks, landlords, or bus drivers"; "[c]oncentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings"; and "[e]pisodes of decompensation are exacerbations or temporary increases in symptoms or signs accompanied by a loss of adaptive functioning" that "would ordinarily require increased treatment or a less stressful situation (or a combination of the two)"). The ALJ concluded that plaintiff's mental impairments are not severe because they did not impose any limitations in the first three functional categories and caused no episodes of decompensation -- conclusions that she supported with substantial evidence from the record. (*See* R. 22.) Thus, the Court has no basis for setting them aside.

Plaintiff next argues that the ALJ improperly rejected plaintiff's treating physician's opinion. A treating physician's opinion is entitled to controlling weight if it is "well-supported

by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 1527(c)(2). An ALJ must "give good reasons" for discounting a treater's opinion. *Id.*

Plaintiff's treating orthopedist, Dr. Santiago Palma, submitted an RFC questionnaire dated September 20, 2013. (*See* R. 1095-97.) In it, he stated that plaintiff's back impairments: (1) cause "ongoing pain"; (2) would require her "to lie down at unpredictable intervals during a work shift"; and (3) would cause her to be absent from work about twice a month. (R. 1095-96.) He did not, however, opine that plaintiff was unable to work. Rather, he said it was "unknown" whether plaintiff had "the functional ability to work in a competitive environment . . . on a full-time . . . basis." (*See* R. 1096.) Thus, to the extent the treating physician's opinion is entitled to "controlling weight," the ALJ could not accept "unknown" as the controlling answer to the inquiry at hand.

The ALJ "afforded . . . less weight" to this questionnaire because:

> . . . . [T]he extreme limitations indicated therein are not supported by [the doctor's] own treatment notes (including clinical findings and his own reports of improvement with treatment), and there is no evidence he has seen [plaintiff] since [her] May 2013 lumbar surgery or considered the physical therapy records that confirm significant improvement post-[surgery]. [The questionnaire] appears [to be] based on [plaintiff's] condition just prior to surgery, as [the doctor] includes the April 16, 2013 treatment notes as support for his overall assessment.

(R. 29.) In other words, the ALJ concluded that Dr. Santiago Palma's questionnaire was not entitled to controlling weight, though he is an orthopedist who had treated plaintiff for a period of years, because it was "inconsistent with the other substantial evidence in [the] case record," and did not reflect her post-surgery condition. These are sufficient bases for rejecting a treater's opinion. *See* 20 C.F.R. § 1527(c)(2).

Plaintiff also contends that the ALJ's RFC assessment is erroneous because the ALJ failed to account for the impact that plaintiff's non-severe mental impairments have on her ability to work. In reality, however, the ALJ concluded that those impairments have *no* impact on plaintiff's RFC:

> . . . . [T]he record is void of any evidence of any residual functional limitations resulting from a mental impairment. . . . [T]hough [plaintiff] testified that she cries easily, has difficulty concentrating, has trouble remembering tasks, and is depressed because "she cannot do things," she also acknowledged that she has never seen a physician for a mental health disorder and that she has never been psychiatrically hospitalized. In fact, [plaintiff] testified to a relatively full range of daily activities starting that for the past 18 months, she has volunteered approximately 3 hours per day at a cat shelter, doing paper work, setting up adoptions, and assisting with taming the kittens; dresses herself; does light dusting; sits outside; and watches television. Additionally . . . , she cares for a cat and dog, keeping the litter pan full and cleaning up after them; has no problems with personal care; prepares her own meals; cleans dishes . . . ; goes outside once a day and can do so alone; goes shopping with her husband for food and household items; goes target-shooting a couple of times per year; talks on the phone and uses the computer daily; and goes to church once per week. . . . [Plaintiff] further reported that she has no problems paying attention and follows both written and spoken instructions "very well." . . .

(R. 29.) Because the ALJ considered the impact of plaintiff's mental impairments on her RFC, and provided an evidentiary basis for concluding there was none, the Court has no grounds for reversing the RFC determination.

Plaintiff also claims that the ALJ's credibility finding does not comport with SSR 96-7p. The Court notes that defendant recently issued new guidance for evaluating symptoms in disability claims, which supersedes SSR 96-7p and "eliminate[es] the use of the term 'credibility'" to "clarify that subjective symptom evaluation is not an examination of an individual's character." *See* SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016). Though SSR 16-3p was issued after the ALJ's decision in this case, it is appropriate to apply it here because: (1) the new regulation is a clarification of, not a change to, existing law, *see Pope v. Shalala*, 998

F.2d 473, 483 (7th Cir. 1993) (stating that clarifying rules can be applied retroactively, and courts give "great weight" to an agency's expressed intent to clarify a regulation), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999); and (2) it is substantially the same as the prior regulation, *compare* SSR 96-7p, 1996 WL 374186 (July 2, 1996), *with* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016).

In evaluating symptoms, the ALJ must consider:

1. [The claimant's] [d]aily activities; 2. The location, duration, frequency, and intensity of pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms . . . ; and 7. Any other factors concerning [the] individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p, 2016 WL 1119029, at *7. The ALJ considered these factors and concluded that plaintiff's symptoms were not as limiting as she claimed because: (1) she "testified to a relatively full range of daily activities" (R. 29); (2) "the record shows her condition has improved with compliant treatment, including medication management, physical therapy, and surgical intervention" (R. 27); (3) plaintiff has "generally rated her [pain] intensity at the low-end of the scale" (*id.*); (4) "[n]either physical examination findings, nor radiographic imaging or any other relevant measurement supports her testimony that she needs a cane to walk; that she has to lay [sic] down most of the day and her back pain is only relieved with laying [sic] down and applying heat or ice; and that she cannot shower alone; or that she basically cannot do much of anything requiring more than very minimal exertion" (R. 28); (5) she has been "actively seeking employment," and did not leave her last job because of her impairments (*id.*); and (6) she repeatedly told her doctors that she suffers no side effects from the pain medication she takes (R.

7

29). Because the ALJ fully explained how and why she evaluated plaintiff's symptoms, that evaluation is not "patently wrong." *Elder*, 529 F.3d at 413-14 (quotations omitted).

Plaintiff's last argument is that the ALJ failed to comply with SSR 82-62 in determining that plaintiff can perform her past relevant work because the ALJ did not make specific findings as to plaintiff's RFC, the physical and mental demands of plaintiff's past work, or that plaintiff's RFC would permit her to return to that work. *See* SSR 82-62, 1982 WL 31386, at *4 (1982) ("In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain . . . the following specific findings of fact: 1. A finding of fact as to the individual's RFC. 2. A finding of fact as to the physical and mental demands of the past job/occupation. 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation."). Once again, the Court disagrees.

The ALJ found that plaintiff has the RFC "to perform light work . . . except, she is restricted to occasional stooping, crouching, kneeling, crawling, and climbing of ramps/stairs, as well as ladders, ropes, or scaffolds." (R. 23.) Moreover, the ALJ said:

> . . . . [Plaintiff] performed all of past relevant jobs as they are generally performed at the light level, except for the deli clerk job, which was performed by claimant at the medium level of exertion. I asked the vocational expert to consider a hypothetical individual of claimant'[s] age, education, and prior work experience with the above-described [RFC]. The vocational expert testified that . . . the above hypothetical individual would be capable of performing claimant's past relevant work as a mail clerk, cashier, and waitress.
>
> . . . . I have considered the testimony of the vocational expert . . . and accept the conclusions rendered therein, as they are consistent with the information contained in the Dictionary of Occupational Titles. Consequently, in comparing the claimant's [RFC] with the physical and mental demands of her past relevant work as a mail, clerk, cashier, and waitress, I find that she is able to perform those jobs as actually and generally performed. . . .

(R. 30.) These findings are sufficient to satisfy SSR 82-62. *See id.*

**Conclusion**

For the reasons set forth above, the Court denies plaintiff's motion for summary judgment [10], affirms the Commissioner's decision, and terminates this case.

**SO ORDERED.**                    **ENTERED:   May 5, 2017**


_____
**M. David Weisman
United States Magistrate Judge**